UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VALERIE SAPP,<br><br>     Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>     Defendant. | CIVIL ACTION NO.<br>1:20-cv-00220-JPB |

## **ORDER**

This matter is before the Court on Publix Super Markets, Inc.'s ("Defendant") Motion for Summary Judgment [Doc. 45].  This Court finds as follows:

### **PROCEDURAL HISTORY**

Valerie Sapp ("Plaintiff") filed this personal injury action against Defendant and Jose Alonso on March 21, 2019, in the State Court of Cobb County.  [Doc. 1-1, p. 12].  On December 20, 2019, while the case was still pending in state court, Plaintiff dismissed the claims against Alonso, a Georgia resident.  Id. at 170, 174.  Within thirty days of that dismissal, Defendant, who is not a Georgia resident, removed the action to this Court based upon diversity jurisdiction.  [Doc. 1].

Defendant filed the instant Motion for Summary Judgment on March 26, 2021. [Doc. 45]. The motion is now ripe for review.

## BACKGROUND

The Court derives the facts of this case from Defendant's Statement of Material Facts [Doc. 47], Plaintiff's Response to Defendant's Statement of Material Facts [Doc. 49], Plaintiff's Statement of Material Facts [Doc. 50] and Defendant's Response to Plaintiff's Statement of Material Facts [Doc. 55]. The Court also conducted its own review of the record.

The Local Rules of this Court require a respondent to a summary judgment motion to include with its responsive brief "[a] response to the movant's statement of undisputed facts." LR 56.1(B)(2)(a), NDGa. The Local Rules make clear that the Court

> will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa. Similarly,

> [i]f respondent provides a statement of additional material facts, then, within the time allowed for filing a reply, the movant shall file a response to each of the respondent's facts. The range of acceptable

2

responses is limited to: (a) an objection to the admissibility of the evidence upon which the respondent relies, (b) an objection pointing out that the respondent's evidence does not support the respondent's fact[,] (c) an objection on the ground that the respondent's fact is not material or does not otherwise comply with the provisions set out in LR 56.1(B)(1), and (d) a concession that the Court can properly consider the respondent's evidence for purposes of the summary judgment motion.

LR 56.1(B)(3), NDGa.

In accordance with the Local Rules, this Court will not consider unsupported facts. The Court will, however, use its discretion to consider all facts the Court deems material after reviewing the record. The facts of this case, for the purpose of adjudicating the instant motion, are as follows:

On June 6, 2017, Plaintiff went to Publix store #146, a stored owned by Defendant, to purchase food for lunch. [Doc. 47, p. 2]. For approximately five minutes, Plaintiff walked around the deli area. Id. at 3. During this time, Plaintiff, who was not distracted or rushing, did not see anything on the floor. Id. Unfortunately, after about five minutes in the store, Plaintiff slipped and fell in the deli area between the "hotbox" where cooked chicken products are kept and the ice/drink machine. [Doc. 55, p. 2]. After Plaintiff fell, she still could not see any substance on the floor. [Doc. 47, p. 2]. Her pants, however, were wet. [Doc. 55, p. 2]. It is uncontroverted that Plaintiff has no information regarding what

substance was on the floor, how large of an area the substance covered or how long the substance was on the floor.  [Doc. 47, p. 3].

Defendant maintains a policy and practice of having employees perform regular inspections of its stores to look for spills.  Id. at 6.  Specifically, Defendant trains its employees to "don't pass it up, pick it up."  [Doc. 52-1, p. 30].  Essentially, this policy requires employees to constantly check for spills on the floor.  [Doc. 47, p. 6].  Employees are instructed to keep a paper towel in their pocket so they can immediately wipe up a spill if they see one.  [Doc. 52-1, p. 36].  If the spill is too large for the paper towel or the employee cannot manage the spill on his own, then the employee must stay at the location of the spill until help arrives.  Id.  At Publix store #146, in addition to the "don't pass it up, pick it up" policy, a doorbell rings every hour to signal someone to go check the floor for spills and other safety hazards.  [Doc. 47, p. 6].

Plaintiff fell at 10:38 a.m.  Around 10:30 a.m., the doorbell chimed alerting Defendant's employees to inspect their areas.  Id.  In response to the doorbell and only five minutes before Plaintiff's fall, Mary Carpenter, the deli manager, conducted an inspection in the same area where Plaintiff fell.  Id.  Ms. Carpenter

testified that during this check, she was looking for spills.[1]  Id.  In addition to Ms. Carpenter's inspection, other employees were in the fall area near the time of Plaintiff's accident.  Specifically, an employee was in the area sixteen minutes and seven minutes before the incident.  Id. at 5.  Another employee was in the area approximately an hour before the incident.  Id. at 7.  That employee did not see any spills, water or residue on the floor.  Id.

As previously stated, Plaintiff testified that she did not see any substance on the floor even after she fell.  Defendant's employees similarly testified that they could not see anything on the floor.  Id.  Nevertheless, Ms. Carpenter wiped the floor with paper towels after the incident.  [Doc. 52-1, p. 67].  Ms. Carpenter contends that there was nothing on the paper towels after she wiped the floor.  Id. at 69.  Plaintiff, however, asserts that the paper towels were damp or wet.[2]  [Doc. 54-1, p. 7].

---

[1] Plaintiff argues that this evidence is controverted because the video does not show Ms. Carpenter's head noticeably tilt toward the floor to conduct the inspection.  This, however, is mere speculation that Ms. Carpenter could not see the floor to inspect it.  "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment."  Walmart Stores E. L.P. v. Benson, 806 S.E.2d 25, 29 (Ga. Ct. App. 2017).

[2] It is unclear if Plaintiff could actually see the paper towels.  She merely testified that she "knew something was on the paper towel."  [Doc. 54-1, p. 7].

## DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id. After the movant satisfies this initial burden, the nonmovant bears the

burden of showing specific facts indicating summary judgment is improper. Id. However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

### B. Premises Liability

In Georgia, an owner or occupier of land "owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk." Tyree v. Westin Peachtree, Inc., 735 S.E.2d 127, 129 (Ga. Ct. App. 2012). Importantly, proof of the occurrence of an injury, without more, is insufficient to establish liability. Hayes v. SNS P'ship, LP, 756 S.E.2d 273, 275 (Ga. Ct. App. 2014). "In order to recover, the plaintiff must prove that the defendant had superior knowledge of a dangerous condition that was unknown to the plaintiff that caused the plaintiff's injuries." Id.

In the context of slip and fall cases, the plaintiff must prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner. Lomax v. Kroger Co., 824 S.E.2d 629, 631 (Ga. Ct. App. 2019). In its Motion for Summary Judgment, Defendant contends that Plaintiff cannot show that Defendant had actual or constructive knowledge of the hazard. Because Plaintiff is not claiming that Defendant had actual knowledge, the outcome of this case thus turns on whether Plaintiff can establish that a genuine issue of material fact exists as to Defendant's constructive knowledge. When an action is based on constructive knowledge,

> to avoid summary judgment for the defendant, the plaintiff must establish a question of fact whether the foreign substance remained on the floor for a sufficient length of time for knowledge of it to be imputed to the proprietor, showing that he had an opportunity to discovery the defect and correct it.

Smith v. Winn-Dixie Atlanta, Inc., 417 S.E.2d 202, 203 (Ga. Ct. App. 1992). Constructive knowledge can be established in two ways: (1) by showing that an employee of the defendant was in the immediate area of the hazard and could have easily seen it; or (2) by showing that the foreign substance was on the floor long enough that it would have been discovered and removed if the defendant had

exercised reasonable care in inspecting and cleaning the premises.  <u>Walmart Stores E. L.P. v. Benson</u>, 806 S.E.2d 25, 28 (Ga. Ct. App. 2017).

1. <u>Immediate Area of the Hazard and Could Have Seen the Substance</u>

As stated above, a plaintiff can show constructive knowledge by showing that an employee was in the immediate vicinity of the hazard and easily could have seen or removed it.  As a general rule, "[s]howing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it." <u>Mucyo v. Publix Super Markets, Inc.</u>, 688 S.E.2d 372, 374 (Ga. Ct. App. 2009) (quoting <u>Haskins v. Piggly Wiggly S., Inc.</u>, 496 S.E.2d 471, 473 (Ga. Ct. App. 1998)).  In this case, the evidence is undisputed that the hazard was not easily visible.  In fact, Plaintiff testified that she could not see the hazard either before or after her fall.  Defendant's employees also testified that they never saw any substance on the floor.  Because there is no evidence that the purported hazard was readily visible to Plaintiff or any others in the immediate vicinity at the time Plaintiff fell, Plaintiff has not established that any of Defendant's employees could easily have seen and removed the hazard.  <u>See</u> <u>id.</u> (granting summary judgment to the defendant because no evidence existed that the purported hazard was readily

visible to Plaintiff or others who were in the immediate vicinity).  Plaintiff has thus not established constructive knowledge through this method.

2. <u>Whether Ordinary Diligence Would Have Discovered the Hazard</u>

A plaintiff can also show constructive knowledge by proving that the hazard was present long enough that a defendant should have discovered and removed it during a reasonable inspection.  In seeking summary judgment, a defendant has the initial burden of demonstrating that it exercised reasonable care in inspecting the premises.  <u>Hill v. Publix Super Markets</u>, No. 1:16-CV-4245, 2018 WL 11348585, at *5 (N.D. Ga. Feb. 5, 2018).  If the defendant satisfies the burden, the burden shifts to plaintiff to show:  (1) how long the foreign substance was allowed to remain on the floor; and (2) that the substance was on the floor long enough for knowledge of it to be imputed to the defendant.  <u>Id.</u>  In other words, a plaintiff "need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident."  <u>Alatrista v. Publix Super Markets</u>, No. 1:13-CV-3203, 2014 WL 4925650, at *2 (N.D. Ga. Sept. 29, 2014) (quoting <u>Fred's Stores of Tenn., Inc. v. Davenport</u>, 703 S.E.2d 700, 702 (Ga. Ct. App. 2010)).  This Court recognizes that in Georgia,

> summary adjudication as to constructive knowledge arising from
> the duty to inspect is not authorized absent plain, palpable and

> undisputable proof that customary inspection procedures or cleaning practices were in place, were actually followed and were adequate to guard against known or foreseeable dangers at the time of the patron's alleged injuries.

Burnett v. Ingles Markets, Inc., 514 S.E.2d 65, 68 (Ga. Ct. App. 1999).

Plaintiff argues that an issue of fact exists as to whether Defendant's employees followed reasonable inspection procedures on the day in question. This Court disagrees. The undisputed evidence shows that Defendant's employees were expected to abide by Defendant's "don't pass it up, pick it up" policy. The evidence also shows that Publix store #146 had a doorbell that chimed every hour to remind employees to perform safety inspections of their areas. Importantly, the uncontroverted evidence shows that after the doorbell chimed, Ms. Carpenter, Defendant's employee, inspected the area just five minutes before Plaintiff fell.[3] Where, as here, an inspection occurs shortly before an accident, Georgia courts routinely grant summary judgment to defendant. Alatrista, 2014 WL 4925650, at *2 (collecting cases). In fact, the Georgia Court of Appeals has held that

---

[3] As stated earlier, Plaintiff claims an issue of fact exists as to whether Ms. Carpenter actually inspected the floor because the video does not show Ms. Carpenter's head noticeably tipping down while moving across the floor. Plaintiff's assertion that Ms. Carpenter could not see the floor is mere speculation and cannot overcome Ms. Carpenter's "positive and uncontradicted testimony" that supports a finding that Defendant conducted a reasonable inspection before Plaintiff's fall. See Mucyo, 688 S.E.2d at 374.

11

"[r]egardless of the adequacy of any inspection program, when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure [is] adequate as a matter of law and defeats an invitee's negligence action." Mucyo, 688 S.E.2d at 374. Because the uncontroverted evidence shows that Defendant inspected the floor just five minutes before Plaintiff's fall, Plaintiff cannot establish constructive knowledge. Defendant is thus entitled to summary judgment.

Even if a genuine issue of material fact exists as to whether Ms. Carpenter inspected the floor just minutes before Plaintiff's fall, summary judgment is appropriate for an additional reason. "Constructive knowledge 'can only be inferred with proof that [the defendant] could have *easily* discovered and corrected the alleged hazard.'" Id. at *3 (quoting Chastain v. CF Ga. N. DeKalb L.P., 569 S.E.2d 914, 916 (Ga. Ct. App. 2002)). Importantly, "[i]f there is no evidence that the [hazard] could have been discovered during a reasonable inspection, then no inference arises that [the defendant's] failure to discover the defect was the result of any alleged failure to inspect." Chastain, 569 S.E.2d at 916. In this case, Plaintiff admitted that she did not see the hazard before she fell, despite walking in that area for approximately five minutes. Moreover, Plaintiff also admitted that even after the incident, she could not see the hazard. Defendant's employees

provided similar testimony that the hazard was not visible either before or after the accident.  Thus, even assuming that Ms. Carpenter did not inspect the relevant area five minutes before the incident, Plaintiff cannot demonstrate that a reasonable inspection would have resulted in the discovery and subsequent cleanup of the hazard.  See Alatrista, 2014 WL 4925650, at *3 (granting summary judgment to the defendant where the hazard could only be seen from one angle); Hill, 2018 WL 11348585, at *6 (granting summary judgment to the defendant where the plaintiff repeatedly testified that she slipped on a clear, hard-to-see substance).  Ultimately, no evidence was presented which shows that the hazard could have been discovered during a reasonable inspection.  Thus, summary judgment is appropriate for this additional reason.

In sum, Plaintiff has not demonstrated that a genuine issue of material fact exists as to Defendant's constructive knowledge of the hazard.  First, the uncontroverted evidence shows that Defendant did not have an employee in the immediate vicinity who could have easily discovered the hazard.  Second, the uncontroverted evidence shows that Defendant's employee performed an inspection of the area just five minutes before Plaintiff's fall.  The uncontroverted evidence also shows that a reasonable inspection would not have resulted in the discovery of the hazard since the hazard was not easily visible.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. 45] is **GRANTED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 14th day of September, 2021.

_____
J. P. BOULEE
United States District Judge